UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward Bryan,     #235730, | ) | |
| | ) | C/A No. 3:12-2316-RBH-JRM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Carolyn C. Matthews, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil action filed *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this Magistrate Judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Edward Bryan ("Plaintiff") seeks damages and other relief from a judge on the South Carolina Administrative Law Court ("ALC"), claiming that she violated his "due process" rights and committed "fraud" in connection with the timing of formal execution and service of the final order in a case that Plaintiff brought before the ALC. (ECF No. 1, Compl. 4-7). According to the allegations in Plaintiff's Complaint, an undated, unsigned final order was issued in February 2008, but Plaintiff did not physically receive it until May 2010. *Id*. Compl. 3. He asserts that, despite his complaints to many officials, the properly signed and dated final order was not issued until January 2011. *Id*. Though it

is not completely clear from his allegations, it appears that Plaintiff is claiming that the "late issuance"

of the ALC's final order in 2011 somehow prevented Plaintiff from filing a timely notice of appeal to

the next level of the South Carolina court system in order to exhaust his state court remedies. This is

the basis of his "due process" claim. *Id*. at 4-5.

Insofar as his claims of "fraud" are concerned, Plaintiff alleges that Defendant improperly sent

the subject final order to an attorney who previously represented Plaintiff despite records showing that

Plaintiff's own address was supposed to be used. *Id*. at 6. He also states that there was "fraud" in

connection with the final order because there was a "remand" in 2008, but no compliance with the

directions contained in the remand until 2011. *Id*. Plaintiff does not provide copies of the orders on

which he bases his claims although he refers to them as "exhibits," and he does not state what the

remand was for or who was supposed to comply with what under the terms of the alleged remand, but

he does allege that Defendant "negligently discharged judicial duties" and that her lack of supervision

over the completion of those duties deprived him of his ability to appeal her order. *Id*. at 5.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made

of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the

procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996,

and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v.

Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*,

*Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.

1983).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys,

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with

liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff's claims against Defendant Judge Matthews arising from her performance of her judicial duties on the ALC are barred by the doctrine of judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his

exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*,

831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates);

*Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely

immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*,

500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before

discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial

system tend to reduce the need for private damages actions as a means of controlling

unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an

immunity from suit rather than a mere defense to liability").

Plaintiff acknowledges in his Complaint that Judge Matthews was performing the duties of

her office as a judge on the ALC in connection with everything he complains about in this case.

(ECF No. 1, Compl. 5) ("Defendant negligently discharged judicial duties . . . .").  He does not

allege that she took any action that harmed him that was not part of her performance of her judicial

responsibilities. Allegations that such duties were not performed perfectly or that her performance

fell below the accepted standard for other judges do not preclude application of the doctrine of

judicial immunity in this case.  In absence of facts that would support application of some exception

to the doctrine of judicial immunity, this Complaint fails to state a claim against Defendant

Matthews upon which relief may be granted.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case

*without prejudice*.

Plaintiff's attention is directed to the important notice on the next page.


Joseph R. McCrorey
United States Magistrate Judge


September 28, 2012
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).