IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Edward Bryan,   #235730, | ) | Civil Action No.: 3:12-2316-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn C. Matthews, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Edward Bryan, a state prisoner proceeding *pro se*, filed this action, alleging violations of his rights under the Due Process Clause of the Fourteenth Amendment. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Joseph R. McCrorey.[1] In the R&R, the Magistrate Judge recommends that the Court summarily dismiss Plaintiff's action against Defendant *without prejudice* and without service of process.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, who is incarcerated at Ridgeland Correctional Institution, filed this 42 U.S.C. § 1983[2] action in August 2012, alleging that Defendant Carolyn C. Matthews, a judge on the South Carolina Administrative Law Court ("ALC"), committed fraud and violated his due process rights in failing to provide Plaintiff notice of an order in his case. According to the allegations in

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

[2] Because Plaintiff proceeds *pro se*, the Court liberally construes his due process claim as raised pursuant to 42 U.S.C. § 1983. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff's complaint, an undated, unsigned final order was issued in February 2008, but Plaintiff did not physically receive it until May 2010. He asserts that, despite his complaints to many officials, the properly signed and dated final order was not issued until January 2011. Though it is not completely clear from his allegations, it appears that Plaintiff is claiming that the "late issuance" of the Defendant's final order in 2011 somehow prevented Plaintiff from filing a timely notice of appeal and properly exhausting his state court remedies.

Plaintiff alleges that Defendant improperly sent the subject final order to an attorney who previously represented Plaintiff despite records showing that Plaintiff's own address was supposed to be used. He also states that there was "fraud" in connection with the final order because there was a "remand" in 2008, but no compliance with the directions contained in the remand until 2011. Plaintiff does not provide copies of the orders on which he bases his claims although he refers to them as "exhibits," and he does not state what the remand was for or who was supposed to comply with what under the terms of the alleged remand, but he does allege that Defendant "negligently discharged judicial duties" and that her lack of supervision over the completion of those duties deprived him of his ability to appeal her order. Compl., ECF No. 1.

The Magistrate Judge issued his R&R on September 28, 2012, R&R, ECF No. 8, and Plaintiff filed timely objections to the R&R on October 15, 2012, Pl.'s Objs., ECF No. 10.

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends summarily dismissing Plaintiff's complaint on the basis that Defendant is an ALC judge. In his objections, Plaintiff largely rehashes the allegations of his complaint. The Court reiterates that it must only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). Indeed, "[c]ourts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47.

However, out of an abundance of caution, the Court, after reviewing the allegations of Plaintiff's complaint, finds no error in the Magistrate Judge's recommendation. As the Magistrate Judge noted in his R&R, the alleged wrongdoing of Defendant—issuing an order and providing

notice of the order—was within her duties as a judge on the ALC. Even in his objections, Plaintiff admits that he acknowledged Defendant was "performing the duties of her office." R&R 4. Given Plaintiff's allegations, Defendant is thus absolutely immune from liability. *S.C. State Ports Auth. v. Fed. Maritime Comm'n*, 243 F.3d 165, 174 (4th Cir. 2001) (citing *Butz v. Economou*, 438 U.S. 478, 511-14 (1978) and observing that the Supreme Court "extended absolute judicial immunity to [administrative law judges] precisely because [they] perform judicial acts"); McKinnedy v. Reynolds, et al., No. 6:08-cv-03169-HMH-WMC, 2008 WL 4924947, at *1 (D.S.C. Nov. 14, 2008) (citing *S.C. State Ports Auth.* and applying judicial immunity to judges on the South Carolina ALC).

## CONCLUSION

The Court has thoroughly analyzed the entire record, including the complaint, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint be **DISMISSED** *without prejudice* and without service of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

November 28, 2012
Florence, South Carolina